UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JILL M., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 1:19-CV-188-JVB |
| | ) |
| ANDREW SAUL, Commissioner of the | ) |
| Social Security Administration, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Jill M. seeks judicial review of the Social Security Commissioner's decision denying her disability insurance benefits and supplemental security income and asks this Court to reverse that decision and either award benefits or remand this matter to the agency for further administrative proceedings. For the reasons below, this Court reverse the Administrative Law Judge's decision and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's applications for benefits, she alleged that she became disabled on September 30 2010. After a hearing in 2018, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of major depressive disorder and schizophrenia and the non-severe impairments of chronic ear infections, bilateral central perforation of the tympanic membrane, headaches, vertigo/dizziness, eustachian tube dysfunction, and hidradenitis. The ALJ found that Plaintiff is unable to perform any past relevant work but is able to perform the representative occupations of janitor, warehouse worker, and hand packager. Therefore the ALJ found Plaintiff to be not disabled from September 30, 2010, through the date of the decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff asserts that the ALJ's decision should be reversed because the ALJ only considered parts of reports that supported his decision and ignored parts that did not and because the ALJ left limitations out of Plaintiff's residual functional capacity.

An ALJ may not discuss only the evidence that supports his conclusion while ignoring contrary evidence. *Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir. 2016) (citing *Moore v. Colvin*,

2

743 F.3d 1118, 1124 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013)); *see also Cole v. Colvin*, 831 F.3d 411, 416 (7th Cir. 2016); *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014). "The ALJ must confront the evidence that does not support [his] conclusion and explain why that evidence was rejected." *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014) (citing *Indoranto v. Barnhart*, 374 F.3d 470,474 (7th Cir. 2004)). The Seventh Circuit Court of Appeals has recognized that "[t]his 'cherry-picking' is especially problematic where mental illness is at issue, for 'a person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about her overall condition.'" *Meuser*, 838 F.3d at 912 (quoting *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011)).

Plaintiff notes that the ALJ repeatedly categorized medical records as reporting Plaintiff's subjective complaints without noting the medical provider's assessment that supported those complaints. The ALJ writes that, at an October 3, 2012 office visit, Plaintiff "complained of anxiety and depression," and that, despite an "unremarkable" mental status examination, the doctor prescribed Abilify. (AR 18). The record shows that the doctor assessed Plaintiff's anxiety and depression as both severe and sub-optimally controlled. (AR 519). Plaintiff has identified no psychiatric findings from this visit that are remarkable. Plaintiff also points to an urgent care visit in March 2013, which the ALJ noted as containing Plaintiff's "subjective report of anxiety," (AR 18), where the record itself also shows an assessment of anxiety. (AR 531). Plaintiff further notes that the ALJ highlighted that Plaintiff reported symptoms at a July 2014 intake interview. (AR 18). The very next sentence in the same paragraph, however, includes the diagnoses made as a result of this encounter. (AR 18)). If these characterizations of the record were the entirety of this argument in favor of reversal, it would not be enough, as this does not, alone, rise to the level of impermissible cherry-picking.

However, the ALJ's description of a March 28-30, 2014 hospitalization rises to that level. The ALJ pulled the following information from the hospitalization records for inclusion in his decision:

> The claimant was hospitalized March 28-30, 2014, after reporting to the police that her television was reading her thoughts and broadcasting them. During psychiatric evaluation, she denied interest in medications to help with paranoia. Past psychiatric history was remarkable for "apparent mood instability, anger and irritability, violent outbursts, unknown specific diagnosis"; however, no additional information was provided regarding the source of that history. Mental status evaluation was remarkable for inconsistent eye contact and ill, disheveled general appearance, as well as uncooperative and irritable attitude; however, the claimant was not observed to be responding to internal stimuli. She was assessed with "psychosis NOS" and "mood disorder NOS."

(AR 18).[1]

The ALJ neglected to mention both the passive suicidal ideation and homicidal ideation without plan contained in the records of the hospitalization. (AR 548). The ALJ also ignored the mental status exam findings of persecutory delusions, limited insight, partial judgement, mildly impaired attention and concentration, below average fund of knowledge, and moderately impaired executive function. (AR 548). Plaintiff was also noted as having an "Axis 5" or GAF rating of 14-17. (AR 548).

At her discharge, her condition was "high risk for continued psychosis"; it was noted that she was refusing medications but was also not a danger to herself or others at that time. (AR 550). She was also noted to have an uncooperative attitude, agitated psychomotor activity, anxious, angry, irritable, and frustrated mood, angry and irritable affect, tangential thought process, thought

---

[1] The Commissioner asserts that the ALJ "noted that mental status examination at that time was remarkable for an unkempt appearance, inconsistent eye contact, a nervous and irritable mood, a flat and irritable affect, persecutory delusions, and mild impairment of attention and concentration." (Resp. 5, ECF No. 19). This is incorrect. As is apparent from the quoted language above, the ALJ noted only remarkable examination findings of inconsistent eye contact, ill, disheveled general appearance, and uncooperative and irritable attitude.

broadcasting thought content, poor insight, limited judgment, and impaired executive function. (AR 550).

The ALJ's characterization of this hospitalization is not a balanced summary of the record. He ignored both suicidal and homicidal ideations, an extremely low GAF score, and several more abnormal findings. The ALJ dismissed past history for not providing a source of that history and then ignored findings in the record that are consistent with that past history. The ALJ cherry-picked from the record to support his conclusion without confronting the evidence that undermines it. The error is not in a failure to find that the hospitalization shows Plaintiff's RFC to be more diminished than the ALJ found her to be. Instead, the error lies "in utterly failing to even acknowledge the contrary evidence or to explain the rationale for crediting the identified evidence over the contrary evidence." *Moore*, 743 F.3d at 1123.

This error requires remand for a fair consideration of Plaintiff's March 2014 hospitalization. *See Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (finding that an award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits"). In the interest of judicial economy, discussion of Plaintiff's remaining arguments is not warranted.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the alternative relief requested in the Brief in Support of Plaintiff's Complaint to Review Decision of Commissioner of Social Security Administration [DE 18]. The Court **REVERSES** the decision of the Commissioner of Social Security and **REMANDS** this matter for further administrative proceedings consistent with this opinion. The Court **DENIES** the request for an award of benefits.

SO ORDERED on July 1, 2020.

                                                  s/ Joseph S. Van Bokkelen  
                                                  JOSEPH S. VAN BOKKELEN, JUDGE  
                                                  UNITED STATES DISTRICT COURT